UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA A. PHILLIPS,

    Plaintiff,

                              No. 12-10016
-vs-                          District Judge Paul D. Borman
                              Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

This is a Social Security Disability case brought under 42 U.S.C. § 405(g). On October 25, 2012, this Court entered judgment in favor of the Plaintiff, remanding the case for further administrative proceedings pursuant to Sentence Four of § 405(g) [Doc. #21]. Before the Court at this time is the Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #22]. For the reasons discussed below, I recommend the Motion be GRANTED IN PART, reducing the amount claimed to $4,671.00.

**I.   STANDARD OF REVIEW**

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

-1-

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Ms. Cowart who wins a Sentence Four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, the salient question in the present case is whether the position of the United States was "substantially justified." Under the EAJA, the government has the ultimate burden of showing that its position was substantially justified such as to support a denial of attorney fees. *United States v. 0.376 Acres of Land*, 838 F.2d 819, 829 (6th Cir. 1988); *United States v. True*, 250 F.3d 410, 419, fn. 7 (6th Cir. 2001). The resolution of that question is addressed to the district court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

## II.   ANALYSIS

### A.   Entitlement to Attorney Fees in the Present Case

While the Commissioner argues that any EAJA fees should be awarded to the Plaintiff, not her counsel, and challenges the reasonableness of the amount claimed, he offers no argument that Plaintiff is not a prevailing party or that the Commissioner's position was substantially justified. I agree that Plaintiff is entitled to EAJA fees.

### B.   Amount of Attorney Fees

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149

(6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

The Commissioner does not argue that the time Plaintiff's counsel expended in this case (27 hours) was unreasonable. I agree that the claimed hours are reasonable. In *Glass*, the Sixth Circuit noted that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [Social Security] cases...." 822 F.2d at 20.

As to the hourly rate, the statutory hourly maximum under 28 U.S.C. § 2412(d)(2)(A) is $125.00, "unless the court determines that an increase in the cost of living or a special factor,...justifies a higher fee." Plaintiff's counsel claims an hourly rate of $180.00.  The Commissioner argues that Plaintiff has provided no justification for an hourly rate above $125.00.

In *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009), the Sixth Circuit held that it is the plaintiffs' burden to justify a rate above the statutory maximum, and that they must produce evidence beyond the attorney's own affidavit:

> "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541."

In *Bryant*, the Court found that Plaintiffs did not meet their burden of justifying a higher hourly rate where they submitted only the Department of Labor's Consumer Price Index in arguing that the rate of inflation supported an increase above the statutory

maximum. In this case, counsel's affidavit is somewhat thin, indicating that her "usual hourly rate for work of a like nature is $450 per hour." By itself, this conclusory statement would be insufficient under *Bryant* to support an increase in the hourly rate. However, paragraph 4 of the petition does state, "The prevailing rate under EAJA is currently slightly more that $180.00 per hour; the rate alleged herein is $180.00 per hour." That claim is borne out by *Cowart v. Commissioner of Soc. Sec.*, 795 Fed.Supp.2d 667, 671 (E.D. Mich. 2011), where the Court stated, "Given the effect of inflation since 1996, the Court finds that $173.00 per hour is a reasonable rate for work performed from November, 2008 to June, 2010." In contrast with his more parsimonious approach to the present case, the Commissioner did not contest the higher hourly rate in *Cowart*.

While Plaintiff's counsel would be well-advised to provide more a more substantial justification for fee awards in the future, she has provided a sufficient basis in this case for an increase above the statutory hourly rate of $125.00. Consistent with *Cowart*, I recommend that the Plaintiff be awarded EAJA fees for 27 hours, at the rate of $173.00 per hour, for a total of $4,671.00.

### C.   Who Gets the Fees?

In *Astrue v. Ratliff,* ––– U.S. –––, 130 S.Ct. 2521, 2224, 177 L.Ed.2d 91 (2010), the Supreme Court held that EAJA attorney fees belong to the claimant, not to the claimant's attorney, and that the award of fees "is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." In *Ratliff*, the claimant in fact owed the Government a debt that predated the district court's approval of the EAJA award. However, the Court noted, albeit in dicta, that "the Government has...continued the direct payment [to attorneys] practice where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id*. at

2259.

In *Cowart*, as in the present case, the Plaintiff assigned EAJA fees to her attorney. Citing a number of post-*Ratliff* cases from other districts, the Court held:

> "In this case, there is a written assignment of any EAJA fees from Ms. Cowart to her attorney. As long she owes no pre-existing debt to the Government, there is nothing in *Ratliff* that would prevent this Court from honoring her assignment. Indeed, to do so would at least partially address Justice Sotomayor's concern, expressed in her concurring opinion in *Ratliff*, that the decision "will make it more difficult for the neediest litigants to find attorneys to represent them in cases against the Government." *Id*. at 2532 (concurring opinion of Sotomayor, J.)." 795 Fed.Supp.2d at 671.

As was the case in *Cowart*, the Commissioner has not indicated whether in fact Ms. Phillips owes money to the Government. I will therefore follow the common practice and recommend that the Commissioner be given the opportunity to determine whether there is a pre-existing debt that would offset the EAJA fees. *See Cowart* at 671-672; *Cutler v. Astrue* 2011 WL 901186, *1 (N.D.Ohio) (N.D.Ohio,2011) (fees payable directly to attorney "after the defendant has completed its customary investigation into any outstanding federal debts owed by the plaintiff"); *Taylor v. Astrue*, 2011 WL 1261138, *2 (N.D.Ill. 2011) ("After the award is entered, if the Government determines that plaintiff owes no such debts, the Government will direct that the fee award and expenses be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by the parties"); *Bates, supra,* at *3 ("Courts...have been consistent in applying *Ratliff* for the proposition that any award—regardless to whom it is paid—is first subject to offset for any preexisting federal debt"). If there is no preexisting debt, then the EAJA fees should be paid directly to the Plaintiff's attorney.

### III. CONCLUSION

For these reasons, I recommend that Plaintiff's Petitioner for Attorney Fees [Doc. #22] be GRANTED IN PART, to the extent that EAJA fees be awarded in the amount of

$4,671.00.

I further recommend that no later than 14 days from the date of a final order, the Commissioner determine whether the Plaintiff owes the Government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees should be made directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees should be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 30, 2013         s/ R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 30, 2013, electronically and/or by U.S. Mail.

                                       s/Michael Williams
                                       Case Manager for the
                                       Honorable R. Steven Whalen